UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| LAWRENCE D. RAILBACK JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CIV-00-1740-L |
| JAMES L. SAFFLE et al., | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Lawrence D. Railback Jr., an Oklahoma prisoner appearing pro se, has filed a motion seeking "leave to file an appeal out of time" in this case. *See* Pet'r's Second Mot. (Doc. No. 7) at 1-2. United States District Judge Tim Leonard has referred the motion to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). As outlined herein, the undersigned recommends that the motion be DENIED.

BACKGROUND

Petitioner, who was convicted in state court of two felony offenses stemming from a drive-by shooting, is serving a term of life plus 25 years in prison. *See State v. Railback*, No. CF-95-7881 (Okla. Cnty. Dist. Ct.) (docket entries of Apr. 25, 1997, and Dec. 9, 1999).[1] Some 15 years ago, on October 10, 2000, Petitioner—without having previously initiated an action—filed in this Court a motion seeking an "extension of time to file his federal habeas corpus petition." *See* Pet'r's First Mot. (Doc. No. 1 docket entry). On October 18 of that year, Magistrate Judge Doyle W. Argo advised Petitioner

---
[1] The dockets for Petitioner's state-court cases are publicly available through http://www.oscn.net.

that, because he had neither paid the $5.00 filing fee to initiate a federal habeas action nor sought leave to proceed *in forma pauperis*, his case would be dismissed if he did not take action by a specified date. *See* Order to Cure Deficiency (Doc. No. 2 docket entry).

That deadline passed without any word from Petitioner. Judge Argo recommended that the action be dismissed for failure to comply with the Court's prior Order and failure to prosecute. *See* R. & R. (Doc. No. 4) at 1-2. Petitioner did not object to this recommendation. On December 27, 2000, Judge Leonard adopted Judge Argo's recommendation and dismissed the "action" without prejudice to refiling. *See* Order Adpt. R. & R. (Doc. No. 5). The Court entered judgment—thus closing this case—on the same date.

Petitioner filed the pending motion on January 13, 2016. Petitioner now requests leave "to file a pro se writ of habeas corpus appeal out of time" so that he may challenge state-court decisions denying him relief on direct appeal (No. F-1998-1315 (Okla. Crim. App. filed Nov. 13, 1998)) and in his most recent postconviction proceeding (No. PC-2015-83 (Okla. Crim. App. filed Jan. 30, 2015)). *See* Pet'r's Second Mot. at 1-2.

ANALYSIS

Liberally construed, Petitioner seeks to reopen the federal habeas action that Judge Leonard dismissed on procedural grounds in late December 2000. Such a motion is properly analyzed under Rule 60(b) of the Federal Rules of Civil Procedure, which allows a court "[o]n motion and just terms" to relieve a party from judgment for six specified reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

2

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Gonzales v. Crosby*, 545 U.S. 524, 528-29 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). This type of motion is subject to certain time restraints: "A motion made under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment" from which the party seeks relief. Fed. R. Civ. P. 60(c)(1).

Petitioner does not adequately explain why he waited to file the present motion until 15 years after Judge Leonard entered judgment dismissing the case. Nor does the record reflect any ground that would support a finding of reasonable delay. The Court should deny the motion as not being filed within the time required by Rule 60. *See, e.g.*, *United States v. Mack*, 502 F. App'x 757, 759-60 (10th Cir. 2012) ("The district court did not abuse its discretion in concluding that Defendant's Rule 60(b) motion, filed more than two and a half years after the dismissal of his § 2255 petition, was not filed within a reasonable time.").

Even if it were timely, however, Petitioner's motion does not warrant relief from the December 27, 2000 Judgment. Because Petitioner does not present facts that

3

implicate any of subsections (1) through (5) of Rule 60(b), his motion is analyzed under subsection (6), the catch-all provision of that rule. Relief under Rule 60(b)(6) is "difficult to attain," *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007), and is appropriate only "when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted). The Tenth Circuit will reverse a district court's denial of a Rule 60(b)(6) motion only if it "find[s] a complete absence of a reasonable basis and [is] certain that the decision is wrong." *Davis*, 507 F.3d at 1248 (internal quotation marks omitted).

In his motion, Petitioner states that he has been "without physical and/or direct access to a prison library due to his segregation status which confines him to his cell for 23 hrs per day with no legal resource available to him other than that provided by and through this administration." Pet'r's Second Mot. at 1. But Petitioner does not specifically address why he did not take action in response to Judge Argo's October 18, 2000 Order—in the time required or at any time over the past 15 years. Even assuming the motion was filed "within a reasonable time," Petitioner's custody status and unfamiliarity with the law are not "unusual or compelling" circumstances warranting "extraordinary" relief under Rule 60(b)(6). Fed. R. Civ. P. 60(b); *Cashner*, 98 F.3d at 580; *cf. Hurd v. Dinwiddie*, No. CIV-09-227-W, 2009 WL 2136616, at *5 (W.D. Okla. July 16, 2009) ("[A] rule that layman status in and of itself constitutes good cause for failure to exhaust would render the exhaustion requirement practically meaningless."). More specifically, Petitioner's confinement and lack of "legal resource[s]" would not

4

have prevented him from complying with Judge Argo's October 18, 2000 Order, which required only that Petitioner pay the $5.00 filing fee or explain to the Court why he could not afford to do so to avoid dismissal of his habeas action. *See* Doc. No. 2 docket entry; R. & R. at 1-2; Order Adpt. R. & R. at 1.

This is not to say that Petitioner is precluded from filing a § 2254 petition—only that he may not do so as part of this closed case. Petitioner does not need any federal court's permission to file his "pro se writ of habeas corpus" if he sees fit to do so now. While it is possible that such a petition may be found untimely under 28 U.S.C. § 2244(d), Petitioner would have the opportunity to present facts that would allow the limitations period to be tolled. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It must be remembered that § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling."). Further, it would appear that any such petition would not be barred by the rule against second or successive habeas actions. *See* Order Adpt. R. & R. at 1 (dismissing October 2000 "action" without prejudice on procedural grounds); *cf. Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."). But those are questions to be addressed if and when Petitioner files a § 2254 petition, and by the court to which it is assigned.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion (Doc. No. 7) be DENIED.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by April 14, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the present case.

ENTERED this 24th day of March, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE